IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

            v.

DIAL CORPORATION; MARIA
MARCHANY-JUSTINIANO & ENRIQUE
PALACIOS ARRIAGA,

    **Defendants**.

Civil No. 10-1638 (FAB)

**OPINION AND ORDER**[1]

BESOSA, District Judge.

    Before the Court is a motion to dismiss filed by defendants Dial Corporation, Maria Marchany-Justiniano, and Enrique Palacios-Arriaga. Having considered the arguments contained in defendants' motion, plaintiff's opposition, and defendants' reply, the Court **DENIES** defendants' motion to dismiss.

**I.**  **Background**

    **A.**  **Procedural Background**

    On July 12, 2010 the United States of America ("plaintiff" or "the United States") filed a complaint against Dial Corporation, Maria Marchany-Justiano, and Enrique Palacios-Arriaga ("defendants"). (Docket No. 1.) The complaint seeks to enforce an Internal Revenue Service ("IRS") levy pursuant to 26 U.S.C.

---

[1] Hannah L. Miller, a second-year student at University of Michigan Law School, assisted in the preparation of this Opinion and Order.

§ 6332(d), which authorizes the United States to bring an action against any party who fails to surrender property subject to a federal tax levy. Id. The United States alleges that defendants failed to comply with a notice of levy that required them to surrender property owned by Esamar, Inc. ("Esamar"), whose property has been subjected to a federal tax levy. Id.

On February 26, 2011, defendants filed a motion to dismiss, arguing: (1) that the contract on which plaintiff's claims are based was breached by Esamar, Inc. ("Esamar"), the delinquent taxpayer, thus releasing defendants from any liability, and (2), that the contract itself, if found to be valid, excuses defendants from responsibility for any of Esamar's unpaid tax liability. (Docket No. 28.) Although defendants did not state the particular legal basis for their motion to dismiss, their arguments suggest that defendants intended to file a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and so the Court will construe defendants' motion as such.

The United States filed an opposition to defendants' motion, contending that the complaint states a claim sufficient to satisfy the standard for pleadings under Rule 12(b)(6), and disputing the proposition that the terms of the contract invalidate the suit. (Docket No. 29, 3-4.) The United States argues that defendants are required to surrender payment to the IRS because

Civil No. 10-1638 (FAB)                                                     3

(1) the IRS levied on Esamar's right to receive payment, (2) defendants possess the payment belonging to Esamar, and (3) defendants ignored the notices of levy issued by the IRS, thus giving rise to personal liability on the part of defendants. Id.

On April 14, 2011, defendants filed a reply to plaintiff's opposition, reiterating their argument that the United States' claim is invalid in light of provisions in the contract between defendants and Esamar that "expressly" excuse defendants from responsibility for any of Esamar's tax liability. (Docket No. 30 at ¶ 8.)

**B.   Factual Allegations in the Complaint**

The United States alleges that defendants failed to honor notices issued by the IRS that required defendants to surrender $74,000 that defendants owed to Esamar, whose property is subject to a federal tax levy. (Docket No. 1.) Plaintiff alleges that Esamar held a right to collect from defendants pursuant to a contract for the sale of a day care center entered into on November 1, 2008. (Docket No. 1 at ¶ 12.) According to the contract, defendants were to pay Esamar a total of $140,000, with $80,000 to be paid on the signing of the agreement and the $60,000 balance to be paid no later than June 1, 2009. Id. Plaintiff alleges that the amount of $60,000 remains unpaid. Id. Furthermore, plaintiff alleges that the sales contract also contains a penalty provision entitling Esamar to collect $100 per

Civil No. 10-1638 (FAB)                                                4

day if the buyer fails to pay on or before June 1, 2009, beginning on June 2, 2009 and lasting until the balance is paid in full. Id. at ¶ 13. Plaintiff alleges that defendants have accrued a penalty in the amount of $14,000 pursuant to this provision of the contract. Id. at ¶ 15. Plaintiff concludes that defendants are liable in the amount of $74,000 because (1) they owe Esamar $60,000 plus an accrued penalty of $14,000, (2) the IRS levied on all of Esamar's property, including its contractual right to collect from defendants, and (3) defendants failed to comply with notices of levy issued by the IRS that required defendants to surrender the sum of $74,000. (Docket No. 1.)

## II. Legal Analysis

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) allows a party to request the dismissal of a case for failure to state a claim upon which relief may be granted. To adjudicate a motion to dismiss, the Court must accept as true all the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must satisfy the pleading standards established by Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 exists to "give the defendant fair notice of what the claim is and the grounds upon which it rests."

Civil No. 10-1638 (FAB)                                                  5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To comply with Rule 8, a complaint must allege factual matter that states a "claim to relief that is plausible on its face." Ashcroft v. Iqbal, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570.) A complaint need not include "detailed factual allegations" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555.) (additional citation omitted). "Affirmative defenses . . . may be raised in a motion to dismiss under [Rule 12(b)(6)], provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (summarizing Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001).

**B.   Enforcement of Levy Under 26 U.S.C. § 6332(d)**

The Internal Revenue Code authorizes the IRS to seek collection of unpaid taxes by placing a levy upon all of a taxpayer's property and rights to property. 26 U.S.C. § 6331(a). If the IRS levies on property belonging to the delinquent taxpayer but held by a third party, the third party must surrender the property to the IRS upon its demand. 26 U.S.C. § 6332(a). If the third party fails to surrender the property demanded, he then becomes *personally liable* to the IRS in an amount equal to the value of the

Civil No. 10-1638 (FAB)                                                6

property he did not surrender, and the IRS can bring an action against him to enforce the levy.  26 U.S.C. § 6332(d).

To prevail in an action under 26 U.S.C. § 6332(d), the United States must show:  (1) that the defendants possessed property or rights to property belonging to a delinquent taxpayer that are subject to a federal tax levy,[2] (2) that the IRS demanded that defendants surrender said property, and (3) that defendants did not comply with the IRS' demand.  26 U.S.C. §§ 6332(a), 6332(d).  Plaintiff's complaint includes factual allegations regarding each of the material elements of a failure to honor levy claim described above.  First, the United States alleges that the IRS assessed unpaid employment and unemployment taxes against Esamar for tax periods ending between 2005 and 2008, that a federal tax lien arose by operation of law against all of Esamar's property, and that Esamar's property thereby became subject to a federal tax levy. (Docket No. 1 at ¶¶ 10-11.)  The United States further alleges that defendants hold property belonging to Esamar pursuant to a sales contract between the defendants and Esamar. (Id. at ¶ 12.)  Next, the United States alleges that two notices of levy were served on defendants in October, 2009 to collect Esamar's property.  Finally, the United States alleges that defendants did

---

[2] Property subject to a federal tax levy includes all property on which there is a federal tax lien, which arises by operation of law  when the IRS assesses unpaid federal taxes.  26 U.S.C. §§ 6331(a), 6321, 6322.

not honor the demands in these notices, and that defendants' inaction gave rise to personal liability on the part of defendants pursuant to 26 U.S.C. § 6332(d).  (Id. at ¶ 14.)  Because the complaint alleges (1) that all of Esamar's property is subject to a tax levy, and that defendants owe money to Esamar, (2) that two notices of levy were served on defendants, and (3) that defendants failed to comply with the IRS' demands, the complaint sufficiently states a claim for which relief may be granted.  See 26 U.S.C. §§ 6332(a), 6332(d).

There are only two defenses available to a party who fails to comply with an IRS notice of levy:  either (1) the party is not "'in possession of' . . . property or rights to property belonging to the delinquent taxpayer"; or (2) the delinquent "taxpayer's property is 'subject to prior judicial attachment or execution.'"  U.S. v. National Bank of Commerce, 472 U.S. 713, 721-22 (1985) (quoting U.S. v. Sterling National Bank & Trust Co. of New York, 494 F.2d 919, 921 (2nd Cir. 1974)).

There is no suggestion here that the sum in question was subject to a prior judicial attachment.  Defendants do contend, however, that they do not hold property belonging to Esamar and are therefore not in possession of Esamar's property.  (Docket No. 28 at ¶ 5.)  They argue that the sales contract on which the United States' complaint relies is null and void due to Esamar's breach of the contract.  Id.  This argument alone, however, is insufficient

Civil No. 10-1638 (FAB)                                                  8

to justify dismissal.  When considering a motion to dismiss for failure to state a claim for which relief may be granted, the court must construe the complaint in the light most favorable to the plaintiff and accept as true all factual allegations it contains. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).  Although affirmative defenses may be considered when assessing a motion to dismiss pursuant to Rule 12(b)(6), they can only justify dismissal when "the facts establishing the defense [are] clear on the face of the plaintiff's pleadings."  Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (summarizing Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)). Because the question of breach is a factual one, and "the facts establishing the defense" are not "clear on the face of the plaintiff's pleadings," the question must be resolved in favor of the plaintiff for the purpose of evaluating defendants' motion. See, e.g., Erickson, 551 U.S. at 94.

       Defendants argue in the alternative that the contract upon which the IRS relied in serving defendants with a tax levy expressly excuses defendants from responsibility for Esamar's tax liability.  (Docket No. at ¶¶ 6-14.)  As mentioned earlier, however, there are only two defenses available to a party who has failed to comply with the demands contained in an IRS notice of levy, and defendants' second argument does not align with either

Civil No. 10-1638 (FAB)                                                9

one of these defenses.  See National Bank of Commerce, 472 U.S. at 721-22.  As plaintiff notes, defendants' alternative argument "misconstrue[s] the nature of a failure to honor levy action." (Docket No. 29 at 5.)  The United States is not seeking to impose tax liability on defendants or to hold defendants responsible for *Esamar's* failure to pay its taxes.  (See Docket No. 1.)  Rather, the United States is seeking to enforce the IRS' demand that defendants surrender property owned by Esamar.  Id.  Under section 6332(d) of the Internal Revenue Code, 26 U.S.C.A. § 6332(d), "any person who fails or refuses to surrender any property . . . subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered . . . ."Accordingly, plaintiff alleges that defendants' failure to comply with the IRS' demand to surrender property subject to a federal tax levy gives rise to personal liability under 26 U.S.C.A. 6332(d).  (Docket No. 29 at 5-6.)  A private contractual agreement between Esamar and defendants with respect to tax liability is not a valid defense.[3] See National Bank of Commerce, 472 U.S. at 721-22 (holding that

---

[3] Even if the language of the tax liability provisions of the contract between Esamar and defendants were relevant, the contract would not be reviewed by this Court because it was submitted only in Spanish, without an accompanying English translation.  (Docket No. 28-1); See 48 U.S.C. § 864; see also, e.g., Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2007) (holding that a federal court cannot consider untranslated documents when the parties relied on those documents to make their arguments).

Civil No. 10-1638 (FAB)                                                                  10

there are only two defenses available to a party who fails to comply with an IRS notice of levy:  (1) delinquent taxpayer's property is subject to prior judicial attachment, and (2) defendant is not in possession of delinquent taxpayer's property).  Because plaintiff's complaint states a claim for which relief may be granted, and defendants put forward no valid defense, this case must be allowed to proceed.

### III. Conclusion

For the reasons described above, defendants' motion to dismiss, (Docket No. 28), is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 10, 2011.

s/ FRANCISCO A. BESOSA
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE